IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JEFFREY HOUK, MICHAEL GROENE, DAVID GROENE, AND MICHAEL SIMMONS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03-2487 Ma/P |
| THOMAS & BETTS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT AND AMENDING PREVIOUS ORDER GRANTING SUMMARY JUDGMENT

On November 16, 2004, this court issued an order granting summary judgment to Defendant Thomas & Betts Corporation. ("Order") Before the court is the motion of Plaintiffs Jeffrey Houk, Michael Groene, David Groene, and Michael Simmons ("Plaintiffs"), filed November 26, 2004, to reconsider that judgment under Federal Rule of Civil Procedure 59(e). Thomas & Betts filed a response on December 15, 2004, to which Plaintiffs replied on March 18, 2005. For the following reasons, the motion is DENIED, and the Order is AMENDED to clarify the court's interpretation of the contract in dispute.

Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." "When a party files a motion to reconsider

a final order or judgment within ten days of entry, [the court] will generally consider the motion to be brought pursuant to Rule 59(e)." Inge v. Rock Financial Corp., 281 F.3d 613, 617 (6th Cir. 2002); see also Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979)(holding that "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment," even when the motion predates the formal entry of judgment).

A plaintiff should be afforded relief from a judgment under Rule 59(e) under limited circumstances:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice …. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (noting that Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice). The court should use its "informed discretion" in deciding whether to grant

2

or deny a Rule 59(e) motion. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

Plaintiffs attempt to raise arguments and present evidence that were or could have been offered before summary judgment, namely that the agreement implicitly required Thomas & Betts to submit licensed products to be listed with Underwriter's Laboratories, Inc., and that the court's interpretation of the Agreement fails to give meaning to the "gross negligence" term. Plaintiffs argue that the following language from the Order employs "circuitous reasoning" and nullifies contract language:

> For Thomas & Betts's conduct to constitute gross negligence under the terms of tort law or the Agreement, the Agreement must be read to contain an implicit requirement that Thomas & Betts submit the licensed products for UL listing. Because Paragraph 10(b)(ii) contains no such requirement, Plaintiffs may not assert that the breach of that requirement is gross negligence on the part of Thomas & Betts.

Plaintiffs argue that "because there is no requirement to submit a product, the Plaintiffs cannot allege that a failure to submit a product can ever equal gross negligence."

This contention ignores other relevant portions of the Order. The foregoing language refers only to the specific conduct Plaintiffs allege to be gross negligence on the part of Thomas & Betts (i.e, indicating that it intended to submit a product for a UL listing), not to any other conduct in which Thomas & Betts could have engaged. Thus, there are circumstances under which Plaintiffs could have alleged that a failure to submit a product for a UL

3

listing resulted from gross negligence. In fact, the Order points out in the same paragraph that "Plaintiffs do not argue that Thomas & Betts's analysis of the engineering and design feasibility of the licensed products, or its decision not to pursue UL listings, amounted to [gross negligence]."[1] (Order at 11.) Thus, Plaintiffs have not shown that the Agreement was ambiguous or that the Order was otherwise based on a clear error of law.

Plaintiffs now contend that the evidence demonstrates that Thomas & Betts did not terminate the Agreement within three years, as required by the Agreement. Plaintiffs are justified in this argument by the court's statement on Page 8 of its Order that "[t]he terms of Paragraph 10(b)(ii) granted Thomas & Betts a right to terminate the Agreement within three years if it chose not to seek a listing with UL for the licensed products." Unfortunately, this sentence is, at best, an unclear statement of the court's interpretation of the Agreement.[2] The relevant provision reads:

> T & B shall have the right to terminate this Agreement immediately upon notice of termination by T & B to Licensor in the event that ... T & B has not for any reason whatsoever (except only for gross negligence on the part of T & B) on or before the third anniversary of the date of this Agreement obtained a listing from

---

[1] Plaintiffs argue that the court, on Page 5 of the Order, adopts Thomas & Betts's factual assertions about its reasons for deciding not to seek a UL listing, contrary to the standards for summary judgment. The language in Page 5 indicates only what Thomas & Betts's proffered reasons were for terminating the Agreement. The court did not purport, nor did it need, to accept Thomas & Betts's assertions as true.

[2] The timing of Thomas & Betts's termination was not an issue raised in the parties' briefs on the original motion to dismiss. As such, the statement is not necessary to a decision.

4

Underwriter's Laboratories, Inc. for both the Floor Boxes and Outlet Boxes.

(Agreement ¶ 10(b)(ii).) The three-year limitation in this provision clearly applies to the time within which Thomas & Betts was to have received a UL listing, not the time within which it must terminate the Agreement. The sentence on Page 8 of the Order should instead read: "The terms of Paragraph 10(b)(ii) granted Thomas & Betts a right to terminate the Agreement if it had not obtained a UL listing, by its own choice or otherwise, within three years." As evidenced by the contract language and the parties' briefs on summary judgment, Thomas & Betts was not required to terminate the Agreement within three years of its execution.

For the foregoing reasons, Plaintiffs' motion to alter or amend the judgment is DENIED and the Order granting summary judgment is AMENDED as described.

So ORDERED this 19th day of May 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:03-CV-02487 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Maureen T. Holland
HOLLAND & ASSOCIATES, PLLC
1429 Madison Avenue
Memphis, TN 38104

Julia Elizabeth Crews
LAW OFFICE OF JULIA CREWS
1429 Madison Ave.
Memphis, TN 38104

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT